IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TIMOTHY W. DUPUIS #K9498                                                    PETITIONER

VS.                                                   CIVIL ACTION NO. 3:08cv558-DPJ-FKB

JIM HOOD and STATE OF MISSISSIPPI                                          RESPONDENT

REPORT AND RECOMMENDATION

This cause is before the Court on the petition for writ of habeas corpus filed by Timothy W. Dupuis pursuant to 28 U.S.C. § 2254. Having considered the petition, Respondent's answer, Petitioner's reply, and the state court record, the Court concludes that the petition should be dismissed with prejudice.

I. FACTS AND PROCEDURAL HISTORY

In January of 2002, the Circuit Court of Lincoln County convicted petitioner Timothy Dupuis of touching a child for lustful purposes under Mississippi Code Annotated section 97-5-23 (West 2006). Dupuis was sentenced to serve 15 years in the custody of the Mississippi Department of Corrections. On direct appeal, the Mississippi Court of Appeals affirmed his conviction. Dupuis moved for a re-hearing, but the court denied the motion and issued a modified opinion on May 11, 2004 – affirming his conviction and sentence. *See* **Exhibit C**, *Dupuis v. State*, 872 So.2d 724 (Miss. App. 2004).

Dupuis did not petition the Mississippi Supreme Court for a writ of certiorari.

In February of 2005, the Mississippi Supreme Court granted Dupuis's motion to pursue post-conviction collateral relief in the trial court in which he was convicted. *See* **Exhibit D**. An

evidentiary hearing was held on July 24, 2006. After hearing Dupuis's arguments, as represented by counsel, the trial court denied Dupuis habeas relief. Although the judge found that Dupuis's prior counsel had a conflict of interest (as urged by Dupuis as grounds for relief), the judge also found that Dupuis failed to show prejudice. In the alternative, the judge further determined that Dupuis had voluntarily and knowingly waived the right to conflict-free counsel. Dupuis appealed the ruling, and the Court of Appeals affirmed. Dupuis sought a rehearing but was denied. *See* **Exhibit E**. *Dupuis v. State,* 972 So. 2d 7 (Miss. App. 2007), *reh'g denied* May 6, 2008 (Cause No. 2006-CA-1635-COA).

Again, Dupuis did not petition the Mississippi Supreme Court for a writ of certiorari to review the denial of his post-conviction relief.

## II.  FEDERAL HABEAS PETITIONS

This case concerns the availability of federal habeas relief for a person in state custody pursuant to a state-court judgment. It is therefore controlled by the Antiterrorism and Effective Death Penalty Act of 1996 contained in 28 U.S.C. § 2254, *et seq*.

## III.  PETITIONER'S GROUNDS FOR RELIEF

In his federal habeas petition, Dupuis alleges four grounds for relief:

Ground One:  Ineffective assistance of counsel.

    A.  Misrepresentation of the conflict of interest.

    B.  Improper cross-examination of witnesses.

    C.  Failure to object to the admission of the police report.

    D.  Improper bolstering of the police officers.

      E. Failure to preserve errors for appeal.

      F. Failure to object to State's closing argument.

      G. Ineffective representation at sentencing hearing.

Ground Two: Ineffective assistance of counsel because of conflict of interest.

Ground Three: Denial of due process because there was no evidentiary basis for the trial court's implicit finding that Petitioner made a knowing and intelligent waiver of the conflict of interest.

Ground Four: Denial of due process because the trial court improperly applied the law in its decision to deny Petitioner's motion for post-conviction collateral relief.

## IV. ANALYSIS

**A. Dupuis's petition must be dismissed for failure to exhaust state remedies.**

Exhaustion of state remedies is a prerequisite for federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A), (c).[1] The doctrine of exhaustion mandates that a federal court cannot review a Section 2254 petition until the applicant has first provided the state with a "fair opportunity" to correct the federal violations alleged in the petition. *O'Sullivan,* 526 U.S. at 844-45; *See Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (finding that petitioner failed to assert a cognizable right to federal habeas relief under § 2254

---

[1] Exhaustion is required by 28 U.S.C. § 2254(b)(1)(A) and (c) which requires that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (b)(1)(A) the applicant has exhausted the remedies available in the courts of the State. . . .
>              ….
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

because claims in petition were not exhausted in the state courts). A state is given a "fair opportunity" when the applicant has "invok[ed] one complete round of the State's established appellate review process" before seeking federal habeas relief. *Id.* at 845.[2] Invoking one complete round means that all the claims in the petition have been presented to the highest state court "available." *O'Sullivan*, 526 U.S. at 847-48.[3] Whether an applicant has exhausted state remedies is a question of law. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

As Respondents submit, *O'Sullivan* controls here because none of the claims in Dupuis' petition have been exhausted in the Mississippi courts. At issue in *O'Sullivan* was whether an applicant for federal habeas relief had procedurally defaulted his claims under Section 2254(c) for failure to petition the Illinois Supreme Court for a writ of certiorari. *O'Sullivan*, 526 U.S. at 842. To resolve the issue, the Supreme Court had to determine what remedies are "available" to prisoners in the custody of Illinois as required by 2254(c). *Id.* at 846. The Court noted that Illinois has a two-tiered appellate structure.  There is a first-tier intermediary court of appeals and a second-tier supreme court - the latter having discretionary review over its docket. *Id.* at 843. Respondent argued that since certiorari review by the Illinois Supreme Court is discretionary, its review is not "available" to state prisoners. *Id.* at 845-47. The Court was not persuaded by this argument. *Id.* Section 2254(c) states that a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State … *if he has the right* under the

---

[2] Other conditions must be met for exhaustion purposes, but they are not relevant here since Mr. Dupuis never invoked one full round of Mississippi's "established appellate review process." For example, the factual basis of all the claims must also be presented to the state courts for the purposes of exhaustion. *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *See Sones v. Hargett*, 274 F.3d 255, 261 (5th Cir. 1995) (applying individual exhaustion analysis to five distinct ineffective assistance of counsel claims).

[3] For example, a state may determine, whether by judicial decree or statute, if an applicant must appeal from a decision of an intermediary court before the applicant can seek habeas review in federal court. *See O'Sullivan,* 526 U.S. at 847-48.

law of the State *to raise*, by any available procedure, the question presented." (emphasis added). The Court reasoned that having the opportunity to petition for review is the equivalent of "ha[ving] the right … to raise."  *O'Sullivan*, 526 U.S. at 845.  Though the Court agreed that the respondent that had no right of review by the Illinois Supreme Court – he did have every right to petition for it, or "raise" it.  That is, the Court concluded, all that 2254(c) requires. *Id.* at 845.

For the purposes of exhaustion in this case, appeal from a final decision of the Mississippi Court of Appeals by a writ of certiorari was also an "available" remedy for Dupuis. Miss. R. App. P. 17(a). Like the Illinois appellate system, Mississippi has a two-tiered appellate structure – an intermediary court of appeals and a supreme court. *Id.* A decision by the Mississippi Court of Appeals is a final decision "which is not reviewable by the [state] Supreme Court except on writ of certiorari." *Id.* Like the Illinois Supreme Court in *O'Sullivan*, the Mississippi Supreme Court is not required to grant a petition for writ of certiorari – it is discretionary.  Nevertheless, according to the Court's reasoning in *O'Sullivan*, a writ of certiorari by the Mississippi Supreme Court is still "available" to Dupuis. He has the right under Mississippi Rules of Appellate Procedure 17(a) to petition for a writ of certiorari. *Id.* As the record indicates, Dupuis's motion for a rehearing by the Court of Appeals was denied on May 6, 2008.  Dupuis then had, as of right, 14 days to petition the Mississippi Supreme Court. *Id.* Because he failed to exercise that right, he has now forfeited it through procedural default. *Id.*; Miss. Code Ann. § 99-39-23(6) and 99-39-27(9).[4]  Accordingly, Respondents are correct that

---

[4] Mississippi, whether by its supreme court or legislature, has not affirmed, post-*O'Sullivan*, that habeas petitioners must petition, for the purpose of exhaustion, its court of last resort – though it has had the opportunity. *See Harris v. State*, 704 So. 2d 1286, 1295 (Miss. 1997) (McRae, J. dissenting) *abrogated on other grounds*, 732 So. 2d 187 (1999). Even so, the Court of Appeals for the Fifth Circuit, in an unpublished opinion, applied *O'Sullivan* in affirming that a state habeas petitioner had not exhausted state court remedies "simply by obtaining judgment" from the Mississippi Court of Appeals. *Taylor v. Turner*, 35 Fed.Appx. 386, 2002 WL 753505, at *1 (5th Cir. 2002) (per curiam).

*O'Sullivan* requires dismissal of Dupuis' petition, because Dupuis never petitioned the Mississippi Supreme Court for writ of certiorari on either his direct or collateral appeal.[5]

### B.     Dupuis' cannot return to state court to exhaust the claims in his petition.

Dupuis cannot return to the courts of Mississippi in order to cure the nonexhaustion defect in his federal habeas petition. To exhaust "available" state remedies as required by *O'Sullivan*, Dupuis would have to return to state court to petition the Mississippi State Supreme Court for a writ of certiorari. However, Dupuis's petition for a writ of certiorari would be time-barred because the time for seeking review has passed. M.R.A.P. 17(b). Dupuis is also prohibited from filing a second or successive habeas petition under Mississippi Code Annotated section 99-39-23(6) and 99-39-27(9).[6] In short, Dupuis has defaulted his habeas petition. A procedural default occurs when a habeas petitioner fails to exhaust available state remedies and "the court to

---

Moreover, even though the Sixth, Eighth, and Ninth Circuits have upheld state supreme courts' wishes to waive the writ of certiorari for exhaustion purposes, such waivers are not the norm and are based on the affirmation by the state supreme courts to do so. *See e.g.*, *Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003) (finding that Rule 39 of the Tennessee Supreme Court rendered second-tier discretionary review "unavailable" for purposes of exhaustion); *Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) (upholding Missouri Supreme Court Rule 83.04 articulating that discretionary review by its supreme court should be considered an "extraordinary" remedy and unnecessary for the purposes of exhaustion); *Swoops v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) ("In sum, the Arizona Supreme Court has announced that, in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies.")

[5] Respondents divide Petitioner's claims into two categories: (1) claims *never* presented to any Mississippi state courts and (2) claims never presented to the Mississippi Supreme Court through writ of certiorari. *O'Sullivan* is sufficient to trigger the dismissal of claims in both categories.

[6] Miss. Code Ann. § 99-39-23(6) provides in pertinent part:
    "The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article…."

Miss. Code Ann. § 99-39-27(9) provides in pertinent part:
    "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article…."

which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991)). Dupuis need not return to the state courts to determine if his claims are procedurally defaulted. *Sones*, 61 F.3d at 416 ("When it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review.") (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (internal quotations omitted)).

**C.     Dupuis cannot go back to state court and he cannot move forward in federal court; therefore, his petition should be dismissed with prejudice.**

Dupuis can save his petition from being dismissed with prejudice if he can demonstrate both *cause* for the default and actual *prejudice* resulting from it, or that a "fundamental miscarriage of justice" will occur if his claims are not considered. *Coleman*, 501 U.S. at 750. Otherwise, this Court is barred from considering Dupuis's claims. *Id.*

A petitioner may show *cause* by demonstrating that there was something "external to the petitioner, something that cannot fairly be attributed to him" which prevented him from complying with the state procedural rules. *Id.* at 753; *Hill v. Black*, 932 F.2d 369, 372-73 (5th Cir. 1991). In his federal habeas petition, Dupuis does not point to anything as the *cause* for his failing to petition timely for a writ of certiorari. Absent a showing of *cause* it is unnecessary to address whether actual *prejudice* exists. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Dupuis also makes no effort in his petition to argue that a "fundamental miscarriage of justice" will occur if the procedural default is applied. He never asserts, as a factual matter, that

he is innocent. Rather, he insists that the evidence was not conclusive. The "fundamental miscarriage of justice" exception is triggered only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent…."*Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, it requires that the petitioner support such an allegation with *new*, reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Dupuis has not presented any new evidence in his petition to provide a colorable showing of innocence.

Consequently, Dupuis's petition satisfies none of the exceptions to the procedural default. Under *Sones*, this Court is barred from reviewing Dupuis's habeas petition.

## V. CONCLUSION

For the reasons stated above, this Court is barred from reviewing Dupuis's federal habeas petition as a prisoner in state custody. The undersigned recommends that the entire petition be dismissed with prejudice and that habeas relief be denied. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglas v. United States Services Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 29th day of September, 2010.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE